[No. 6847.]

## GREENE V. CITY OF LOVELAND.

1. MUNICIPAL CORPORATIONS—*Implied Powers*—A municipal corporation which has title to the works by which its inhabitants are supplied with water, has implied power to make reasonable regulations for the protection of such works—(595).

2. STATUTES—*Construed*—A municipal ordinance provided that "no person shall do any plumbing to connect with or in connection with, any of the pipes of the department of water works," without a license. *Held* that the purpose of the pro-

vision was to protect the works from injuries which might be occasioned if unskilled persons, or those not under municipal control,, were at liberty to intermeddle therewith; that it was not to be so limited as to apply only to plumbing work done upon the mains; that work upon private premises, intended to utilize water from the municipal system was likewise prohibited—(595).

Working as a mere helper, without a license, for one without a license, is within the prohibition—(595, 596).

*Error to Larimer County Court*—Hon. FRED W. STOVER, Judge.

Mr. E. S. ALLEN and Mr. I. J. DOKE for plaintiff in error.

Mr. AB. H. ROMANS for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error was found guilty of violtaing an ordinance of the City of Loveland relating to plumbing. The ordinance in question is as follows:

"No person or persons shall be allowed to do any plumbing work to connect with, or in connection with, any of the pipes of the department of water works until such person or persons shall obtain a license from the board of trustees, which license shall be issued by the recorder, to operate and carry on the trade of a plumber, and the board of trustees may grant such a license to any person when it shall appear to them that the person applying is a proper person, and qualified and competent to perform the duties of the plumbers' trade, and may revoke said license at any time by giving notice to such person of such revocation, and he shall then cease to do any work to connect with, or in connection with the water works; and any person or persons licensed or to be licensed as aforesaid, as a plumber, shall, before receiving such license, or doing any work as such plumber, pay to the recorder

for the town of Loveland the sum of twenty-five dollars for a license for one year, and no such license shall be transferable."

The evidence establishes that plaintiff in error performed work in the way of plumbing on appliances on private property, which were intended to utilize water from the water works system, and were diretcly connected therewith. On his behalf, the contention is made that the ordinance only applies when work is done in connection with the city mains. No such construction can be given the ordinance without doing violence to its plain meaning, and the language employed to express that meaning. Its purpose was to require persons performing work on appliances connected with the water mains, and intended to utilize water therefrom, to first obtain a license from the city authorities. The water works system belongs to the city. Subdivision 67 of section 6525 Rev. Stats. 1908, provides that the city council of cities and boards of trustees of towns shall have power to construct water works and maintain and operate them. The ordinance in question does not attempt to impose a license on the occupation of plumber, but is intended to protect the water works system owned by the city from damages and injuries, which would necessarily result if unskilled persons, or persons without any limitations whatever might perform work on appliances connected with the system. As the city owns the water works system, it impliedly possesses the power to make reasonable regulations for the protection of the system.

The testimony discloses that plaintiff in error worked as the helper, or at least he claims to have worked in that capacity, to a plumber. For this reason it is urged that the ordinance does not apply to his case. What might be the rule if the plumber under whose directions he worked had obtained a

license from the city of Loveland, it is not necessary to determine, because such is not this case. If he had any license it was from some other city or authority. It further appears that plaintiff in error was not working for him, even though under his direction. He was employed and paid by the owners of the premises upon which the plumbing work was performed. In these circumstances we think plaintiff in error violated the ordinance.

The judgment of the county court is affirmed.

*Judgment Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.